**Roland E. MINOR and Tom Gore, Jr.,
d/b/a Columbia Motor Express**

v.

**UNITED STATES of America and Inter-
state Commerce Commission.**

**Civ. No. 6214.**

United States District Court,
M. D. Tennessee,
Nashville Division.

April 2, 1973.

Walter Harwood, Nashville, Tenn., for plaintiffs.

Charles H. Anderson, U. S. Atty., and Martha Johnson, Asst. U. S. Atty., for the United States of America.

James F. Tao, Washington, D. C., for Interstate Commerce Commission.

A. O. Buck and Robert Lyn Baker, Nashville, Tenn., for intervening defendant.

Before PHILLIPS, Chief Circuit Judge, GRAY, Chief District Judge, and MORTON, District Judge.

PER CURIAM.

In 1971, the Interstate Commerce Commission (ICC) denied the plaintiff's petition for modification of a certificate of public convenience and necessity issued in 1965 by the ICC to Pulaski Highway Express, Inc., the intervening defendant. In the action now before the Court, the plaintiff seeks to have that order of denial set aside and to have the case remanded with instructions.

The facts can be briefly stated. The intervening defendant, Pulaski, obtained its original or "Grandfather" certificate from the ICC on July 22, 1942. That certificate, attached as an appendix hereto, authorized Pulaski to conduct common carrier operations between Nashville, Tennessee, and Pulaski, Tennessee, over U. S. Highway 31 via Columbia, Tennessee. Service was autho-

rized "to and from all intermediate points between Columbia, Tenn., and Pulaski, Tenn.; and the off-route points of Lynnville and Wales, Tenn." In 1964, Pulaski filed an application for a certificate of public convenience and necessity requesting, *inter alia*, authority to operate between Lawrenceburg, Tennessee, and Columbia over U. S. Highway 43 as an "alternate route for operating convenience only." This application was duly published in the Federal Register, was unopposed and resulted in the issuance of a certificate of public convenience and necessity on April 16, 1965. Rather than granting the authority as an *alternate* route, as requested in the application and as published in the Federal Register, the certificate issued by the ICC granted a *service* route which included Columbia as a service point.[1] Herein lies the gravamen of the plaintiffs' complaint, e. g., that the ICC improperly issued a certificate granting Pulaski the authority to serve Columbia as a service point.

With the Court's permission, the United States and the ICC filed an amended answer herein, admitting that the Commission, by the inclusion of Columbia, Tennessee, as a service point, had granted greater authority in the 1965 certificate than had been requested of the Commission and noticed in the Federal Register. It is the position, now, of the United States and the ICC that greater authority was granted by the ICC in the 1965 certificate pursuant to its mistaken impression that the 1942 certificate authorized service at Columbia. They now concede that no such authority was granted by the 1942 certificate.

In essence, then, the disposition of this case hinges on the question of whether the 1942 certificate authorized service at Columbia. If that certificate did authorize service at Columbia by the intervening defendant, the notice published prior to the granting of the 1965 certificate was adequate and the order

---

1. The effect of the grant of a service route instead of an alternate route was to give Pulaski the authority to serve Columbia as a service point, for picking up and delivering commodities at that point.

complained of must stand. If, however, the 1942 certificate did not grant Columbia as a service point, notice to interested parties prior to the issuance of the 1965 certificate was inadequate and the order of the ICC was improper. It is the intervening defendant's position that Columbia was included as a service point in the 1942 certificate, and, in support of that interpretation, it relies on the case of Hoover Motor Express Co., Inc.— Extension, 42 M.C.C. 315 (1943). A careful study of that case has persuaded the court that the factual situation on which the decision was based is so completely distinguishable from that of the case at bar that the decision does not furnish controlling authority in support of the intervening defendant's position. The Court is further of the opinion that the 1942 certificate, reasonably construed, did not purport to include Columbia as a service point.[2] A reasonable construction of that certificate indicates that in the first paragraph the Commission granted authority to operate over U. S. Highway 31 between Nashville and Pulaski, Tennessee, with service at Nashville and Pulaski; in the second paragraph, the ICC authorized service at all intermediate points *between* Columbia and Pulaski, as well as at Lynnville and Wales. That second paragraph did not authorize service at either Columbia or Pulaski, for service at Pulaski had been previously authorized in the first paragraph.

 Because the 1942 certificate did not authorize service at Columbia, Tennessee, it necessarily follows that the 1965 certificate granted operating authority that was greater than that for which Pulaski applied and greater than that covered by publication in the Federal Register. Interested parties, therefore, were not given adequate notice prior to the 1965 grant, and, to the ex-

tent that service at Columbia was authorized, the ICC's order was invalid. Accordingly, this case must be remanded to the Commission for further proceedings.

An appropriate order will be submitted by the parties within ten (10) days.

---

2. It is interesting to note in this regard that Pulaski did not attempt to use Columbia as a service point between 1942 and 1965, and it is reasonable to assume that all interested parties treated Pulaski's 1942 certificate and operating authority as excluding service at Columbia. Indeed, the plaintiffs allege that they did not even learn of the extended grant until some five years after the 1965 certificate was granted.